UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S2F ENGINEERING, INC.,

       Plaintiff,                        CIVIL ACTION NO. 08-12875

   v.                                 DISTRICT JUDGE MARIANNE O. BATTANI

CRYOVAC, INC.,                   MAGISTRATE JUDGE VIRGINIA MORGAN

       Defendant.
_____/

### REPORT AND RECOMMENDATION TO GRANT IN PART MOTION TO ENFORCE PREVIOUS ORDER TO COMPEL (#13, #17) AND FOR SANCTIONS UNDER RULE 37 (#18)

This matter is before the court on the motion of defendant Cryovac, Inc. to dismiss the case and impose attorney fees. Styled as a motion for Rule 37 sanctions and referred for a hearing and determination, the motion actually seeks dispositive relief and therefore, a report and recommendation is being submitted. Defendant wishes to have the court construe the motion as one for objections to a Rule 41 dismissal. Defendant seeks actual attorney fees, a determination of personal liability by the president, and that the award of fees be entered against counsel as well. For the reasons discussed in this report, it is recommended that (1) the plaintiff's claims be dismissed with prejudice, (2) a default judgment entered against S2F Engineering Inc. on the counterclaims in the amount of $150,000 plus Rule 54(d) costs but not attorney fees, and (3) the

case be dismissed with prejudice, and that (4) each side be responsible for any additional costs and its own attorney fees.

**Background**

Plaintiff S2F Engineering filed this action seeking to collect funds owed to it by defendant Cryovac, Inc. Cryovac filed counterclaims alleging that S2F breached the contract. The parties entered a contract, and subsequent change orders, in 2005, 2006, and 2007. Previously, the case was assigned to Magistrate Judge Pepe. Defendant requested certain discovery. When it was not produced, defendant Cryovac filed a motion to compel. Judge Pepe granted the motion January 29, 2009, noting that "Plaintiff's counsel informed defendant that it has no money to advance its cause and would like an order of dismissal. There are, however, counter claims defendant wishes to pursue until it has an opportunity to review the requested documents." [The documents were alleged to be in the attic of the mother-in-law of plaintiff's principal.] Judge Pepe's order then stated: "For the reasons noted above, Defendant's motion to compel is granted. Plaintiff shall respond to Defendant's first discovery request on or before February 27, 2009." The order also provided a "Notice to Plaintiff": Failure to comply with this order could, upon motion from Defendant's counsel result in dismissal with prejudice of plaintiff's claims and default judgment in favor [sic: of defendant] on all counts of Defendant's counterclaims." (#17)

The discovery was not produced and defendant now wants dismissal of plaintiff's action conditioned on the payment of attorney fees. Defendant requests plaintiff's counsel pay the fees (the amount appears to be some $7000.00) if plaintiff cannot. Defendant argues that everything

could have been avoided if plaintiff had earlier simply paid defendant's fees and costs and agreed to a dismissal. It does not appear that way from the record. It was defendant that requested, required, and moved to compel the discovery. It appears that the discovery was directed toward the personal liability of the President of S2F, Mr. Dobson, who was not named as a party. It does appear that counsel discussed resolving the case including a personal release of the president and defendant wanted, in exchange, its attorney fees. This appears beyond the scope of a sanctionable action.

Defendant also argues that plaintiff never tried to voluntarily dismiss the case. Again, this does not seem to comport with the record. In Judge Pepe's order, it is clearly stated that plaintiff wishes to voluntarily dismiss the case and has no money to continue litigation. It was defendant that objected to that result and moved to compel the discovery. In addition, plaintiff's counsel stated that in October and November, 2008 she offered mutual dismissals. She made an Offer of Judgment of $150,000 to defendant, even though plaintiff disagreed with the underlying counter claims. This was rejected. There was no money for plaintiff to pay defendant's attorney's fees (or its own). Therefore, defendant laid down a condition that it knew could not be met.

Now, defendant is asking for 100% of actual attorney fees. Federal courts generally observe the "American rule that "litigants pay their own attorney[s] fees." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247, 256 (1975). However, in some circumstances, a court may enforce contractual provisions requiring the losing party in litigation to pay the prevailing party's attorney fees." *Taylor Bldg. Corp. of Am. v. Benfield,* 884 N.E.2d 12, 27 (Ohio

2008) (relying on Ohio law and citing *Nottingdale Homeowners' Ass'n, Inc. v. Darby,* 514 N.E.2d 702 (Ohio 1987)); *see also Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 717 (1967) (noting that the American Rule can be overcome by an "enforceable contract" allocating attorney fees). Here there is no contractual shift. Defendants argue that this is a case where Rule 37 required allocating the payment of attorney fees to the plaintiff. The court disagrees. See, *Cook v. All State Home Mortg., Inc.* 2009 WL 1391527, 4 (C.A.6 Ohio,2009).

**Standard of Review**

Rule 37 permits a court to enter sanctions of various kinds. The standard of review for a district court's order granting sanctions and fees is for abuse of discretion. *First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501 (6th Cir.2002). "An abuse of discretion exists if the district court based its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (citations and quotations omitted). "The question ... is not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action; it is whether the District Court abused its discretion in doing so." *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (U.S.1976).

Entry of a default judgment may be granted pursuant to F.R.C.P. 37(b) and generally a court is required to articulate the reason for this sanction. Here both sides expressed a willingness to accept the same and that issue does not seem to be disputed. Rule 37(b)(2) permits a court to make " 'such orders ... as are just' with regard to a party's failure to 'obey an order to provide or permit discovery, including an order made under Rule 37(a), Motion for

Order Compelling Discovery.' " *Regional Refuse Systems, Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 153 (6th Cir.1988). One sanction permitted by the rule is "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Fed.R.Civ.P. 37(b)(2)(C).

It should be noted that "dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to wilfulness, bad faith, or fault." *Patton v. Aerojet Ordnance Company,* 765 F.2d 604, 607 (6th Cir.1985) (citing *Societe Internationale v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958)). This Circuit has taken the position, however, consistent with Supreme Court precedent, that "if a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion." *Regional Refuse Systems,* 842 F.2d at 154. In *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir.1990), our circuit expanded *Regional Refuse* to include the granting of a default judgment as a sanction, stating that dismissal "or entry of default judgment" is not an abuse of discretion if a party has the ability to comply with discovery orders but fails to do so. *Id.* Since both parties are willing to accept this result, the court recommends dismissal of plaintiff's claims and default judgment in the amount of $150,000 on defendant's counterclaims, although the court is not finding that plaintiff actually had the ability to comply with the discovery order.

The *Regional Refuse* Court articulated four factors that this Circuit considers to be relevant when reviewing dismissals [and default judgments] under Rule 37, namely: (1) whether

the party's failure to cooperate in discovery is due to wilfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less dramatic sanctions were imposed or considered before dismissal was ordered. *Id.* at 155; *Stough v. Mayville Community Schools,* 138 F.3d 612, 615 (6th Cir.1998); *Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir.1997); *Harmon v. CSX Transport.,* 110 F.3d 364, 367 (6th Cir.1997) (finding that it was not an abuse of discretion for the district court to grant defendant's Rule 37 motion to dismiss where plaintiffs had not complied with defendant's discovery requests or court orders for over nine months). This Circuit has been more ready than others to reverse dismissals for disobedience to discovery orders, particularly where it appears that the party is blameless. *Regional Refuse,* 842 F.2d at 155. See *e.g. Patterson v. Grand Blanc Tp.,* 760 F.2d 686, 688 (6th Cir.1985) (finding that the sanction of dismissal was an abuse of discretion and was "extremely harsh in that it deprives a plaintiff of his day in court due to the inept actions of his counsel."); *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir.1980) ("Dismissal is usually inappropriate where the neglect is solely the fault of the attorney."); *Buck v. U.S. Dep't of Agric., Farmers Home Admin.,* 960 F.2d 603, 608 (6th Cir.1992).

The request for additional sanctions in the form of actual attorney fees seems to be over-reaching. Counsel for plaintiff has repeatedly offered to look for discovery, to provide whatever documents were available, and to dismiss. Both counsel make much over the fees due to their need to comply with Rule 26(a)(1) disclosures and other scheduling issues set by the district court. However, neither counsel went to either the district judge or the magistrate judge to seek

relief, formal or informal, from those requirements in light of the financial condition of plaintiff corporation and the active negotiation to resolve the case. The request now for fees as a sanction cannot be supported. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In addition, "[t]he applicant should ... maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id. Graceland Fruit, Inc. v. KIC Chemicals, Inc.* 320 Fed.Appx. 323, 328, 2008 WL 4949151, 4 (C.A.6 (Mich.),2008) Here, the burden of showing entitlement to fees is not met.

**Conclusion**

In this case, the parties agree that dismissal of plaintiff's claims and entry of a default judgment in the sum of $150,000 is appropriate and therefore, that is recommended. It is further recommended that the request for attorney fees be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                          S/Virginia M. Morgan
                                          Virginia M. Morgan
                                          United States Magistrate Judge

Dated: August 6, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on August 6, 2009.

                                          s/Jane Johnson
                                          Case Manager to
                                          Magistrate Judge Virginia M. Morgan